## JOHNSON v. CLARK. (No. 6003.)

(Court of Civil Appeals of Texas. Austin. Jan. 2, 1919. Rehearing Denied Feb. 19, 1919.)

TRESPASS TO TRY TITLE &#8859;41(3)—SUFFICIENCY OF EVIDENCE.

In trespass to try title, where plaintiff claimed under a deed conveying lot 17 in block 5, according to the map on file, without otherwise designating boundaries, plaintiff was entitled to recover, where the only official map in evidence showed land to be a part of lot 17; defendant having produced no testimony showing better title in herself or any one else.

Appeal from District Court, Tom Green County; C. E. Dubois, Judge.

Trespass to try title by David L. Clark against Mrs. Bertha Johnson. Judgment for plaintiff, and defendant appeals. Affirmed.

J. T. Thomson, of San Angelo, for apellant.

Anderson & Upton, of San Angelo, for appellee.

KEY, C. J. This is an action of trespass to try title; the subject-matter being a parcel of land in the shape of the letter V, in the city of San Angelo, and designated by the defendant "fractional lot 16," but claimed by plaintiff as a portion of lot 17, in block 5. There was a trial without a jury, which resulted in a judgment for the plaintiff, and the defendant has appealed.

The trial judge filed the following findings of fact:

"Findings of Fact.

"(1) It was agreed by both plaintiff and defendant, that on the 6th day of September,

1898, that all of the land described in plaintiff's petition belonged to Elise Koenigheim.

"(2) That on the 6th day of September, 1898, Elsie Koenigheim made, executed, acknowledged, and delivered to Henry Basey, Smith Ellis, Jeff Lane, Jerome Elliott, C. H. Johnson, W. H. Myers, and Wm. Bowman, trustees for the Colored Benevolent Association, a deed of conveyance conveying lot No. 17, in block No. 5, in the main part of San Angelo, and at said time the entire tract of land as described in plaintiff's petition, same fronting 80.6 feet on Beauregard avenue, was pointed out to the grantees in said deed as being lot No. 17, and the entire tract of land, as described by plaintiff, was surveyed, staked off, and delivered to the grantees in said deed, and that they, said grantees, took possession of the whole of said property at said time.

"(3) That on the 19th day of July, A. D. 1900, the trustees, as above named, made, executed, and delivered to the Colored Benevolent Association of San Angelo, Tex., a deed conveying lot No. 17, in block 5, in the main part of San Angelo, and at said time the Colored Benevolent Association took possession of all of the land described in plaintiff's petition, and held the same until the 11th day of July, 1916, at which time the said Colored Benevolent Association, a private corporation, sold and conveyed said land to the plaintiff, David L. Clark.

"(4) That the plaintiff, David L. Clark, and his grantors, have had continuous, peaceable, and adverse possession of all the property described in plaintiff's petition since the 6th day of September, 1898, using, enjoying, and claiming the same adverse to all other persons.

"(5) That lot 17 has been recognized as including all of the land described in plaintiff's petition, same being 80.6 feet fronting on Beauregard avenue, since the 6th day of September, 1898, as shown by map made and compiled by U. G. Taylor, city engineer, introduced in evidence in the trial of this case, and was so recognized by Elise Koenigheim at the time she sold same.

"(6) I further find that the defendant, Bertha Johnson, did not have any claim, right, title, or interest in and to any of the land described in plaintiff's petition; that she did not know the shape or location of the land in controversy until the 12th day of July, 1916."

### Opinion.

The first assignment charges that the trial court erred in rendering judgment for the plaintiff for so much of the land described in his petition as is shown on the map of the city of San Angelo to be lot No. 16 in block 5.

The second assignment complains of the second finding of fact, to the effect that the entire tract of land described by the plaintiff was surveyed, staked off, and delivered to the grantees in the deed from Elise Koenigheim to Henry Basey and others, for the reason that such deed only conveys lot 17, fronting 50 feet on Beauregard avenue, rather than 80.6 feet.

Those two assignments will be considered together.

The deed from Elise Koenigheim to Henry Basey and others, as trustees for the Colored Benevolent Association, described the property conveyed as "lot No. 17, in block 5, in the main part of the town of San Angelo, Tom Green county, Tex., according to the map on file in the county clerk's office of Tom Green county, Tex., to which reference is here made." It will be noted that the deed does not state the frontage of the lot, or otherwise attempt to designate its exact boundaries. The only official map that was introduced in evidence was one prepared by W. G. Taylor, engineer of the city of San Angelo, and according to that map the land in controversy is part of lot 17, in block No. 5. In other words, according to that map, at the time it was made there was no lot or fraction of lot No. 16, in block No. 5, and the land in controversy was part of lot 17. Such being the case when Elise Koenigheim conveyed to the grantors under whom the plaintiff claimed lot No. 17, in block 5, without any further particularity as to description, except the reference to the official map of the city, we hold that such conveyance included the land in controversy, and as the defendant produced no testimony showing any better title in herself or any one else, the plaintiff was entitled to recover, and both of the assignments under consideration must be overruled.

The ruling just made renders it unnecessary to determine whether or not the plaintiff showed title by limitation or estoppel, as contended by his counsel.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes